TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
*Attorney for the Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIN WAI MAO a/k/a DAISY MAO and CHIN CHIU a/k/a WENDY CHIU, *on behalf of themselves and others similarly situated*,<br><br>      Plaintiffs,<br><br>-against-<br><br>SANDS BETHWORKS GAMING LLC.<br>  d/b/a SANDS BETHLEHEM<br>SANDS BETHWORKS RETAIL LLC<br>  d/b/a SANDS BETHLEHEM<br>LUCKY 9 ENTERPRISE, INC.,<br>JOHN DOE 001-100 CORPORATIONS<br>JASON CHEN, and DAVID WONG,<br><br>      Defendants. | Case No. 15-cv-6252<br><br>**<u>DECLARATION OF JOHN TROY IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT</u>** |

I, JOHN TROY, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I represent the plaintiffs in this lawsuit for unpaid minimum wage, overtime compensation, spread of hour damages, liquidated damages, and attorney's fees under the FLSA and New York Labor Law and regulations. I submit this declaration in support of Plaintiffs' application for a default judgment against Defendants Lucky 9 Enterprise, Inc., Jason Chen and David Wong, pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b).

2. This is an action for unpaid wages, overtime, spread of hours pay, liquidated damages, interest, costs and attorney's fees under the Fair Labor Standards Act (29 U.S.C. 201 *et seq.*, the "FLSA") the New York Labor Law ("NYLL), and associated rules and regulations.

3. The Court has subject matter jurisdiction of the Plaintiffs' federal claims pursuant to 29 U.S.C. §§ 201 *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over the New York state law claims (such as the NYLL) under 28 U.S.C. § 1367(a) (supplemental jurisdiction).

4. Plaintiffs commenced this action by filing their Complaint (and associated documents) on August 10, 2015.

5. A copy of the summons and complaint was served on Defendant, Lucky 9 Enterprise, Inc. on October 21, 2015. Proof of service was filed on November 12, 2015 and is attached as "Exhibit 7."

6. A copy of the summons and complaint was served on Defendants, Jason Chen and David Wong, on December 19, 2015. Proof of service was filed on December 23, 2015 and is attached as "Exhibit 8" and "Exhibit 9."

7. Defendants, Lucky 9 Enterprise, Inc., Jason Chen and David Wong, have failed to answer the Complaint or otherwise appear in this action.

8. Defendants, Lucky 9 Enterprise, Inc., Jason Chen and David Wong, are neither infants nor incompetents.

9. On April 28, 2016, the Court dismissed Plaintiffs' claims against Defendants, Sands Bethworks Gaming LLC d/b/a Sands Bethlehem and Sands Bethworks Retail LLC d/b/a

Sands Bethlehem, for lack of personal jurisdiction and ordered any motion for default judgment against the remaining defendants to be filed no later than two weeks after the date of the order.

10. On May 11, 2016, the Court extended the deadline for the submission of any motion for default judgment by one week.

11. Plaintiffs obtained a Clerk's Certificate of Default, stating that Defendants were properly served and failed to appear. The Certificate is signed and stamped by the Clerk of the Court and true copies are attached hereto as "Exhibit 2."

12. Plaintiffs incurred costs and attorney's fees in pursuing this action, and seek an award of reasonable attorney's fees and costs. Attached as "Exhibit 3" is a breakdown of attorney's fees and costs incurred in filing the Complaint and seeking default judgment, in the form of my firm's standard billing sheet.

13. Plaintiffs seek an award of damages in this motion for default judgment, and as such, assert that definitive information and documentation exists such that the amount provided for in the proposed judgment can be calculated. A copy of the proposed judgment is attached as "Exhibit 10." However, in the event this requirement cannot be satisfied, Plaintiffs seek a default judgment as to liability, and request that damages be determined by an inquest, should the Court deem these papers insufficient to support an award of damages at this juncture.

14. Plaintiffs' uncontested allegations provide the required support for a default judgment. (See accompanying memorandum of law ("Mov. Mem." Point I.)

15. With respect to damages, the record supports an award to Plaintiffs of back pay under the FLSA and applicable New York law; mandatory liquidated damages under the FLSA

and New York Labor Law; prejudgment interest under New York Law; and costs and attorney's fees under the FLSA and New York Labor Law. ("Mov. Mem." Point II.)

16. Plaintiffs are entitled to a three-year limitations period under the FLSA, as the uncontested evidence in the record supports a finding of willfulness and lack of good faith. ("Mov. Mem." Point II).

17. Spreadsheets, detailing the amount of money Defendants owe each Plaintiff pursuant to both the FLSA and NYLL are attached herein as "Exhibit 4," and are calculated as follows:

 a. The relevant *Period* of the plaintiffs' employment, the relevant minimum wage during that time period, the pay rate and its conversion into equivalent hourly rate;

 b. *Hours per week*

 c. The number of *Weeks* in each period that the plaintiff worked– an employment period may further be broken up in the sheet to reflect a change in minimum wage under the FLSA, NYLL or both.

 d. The amount of *Minimum Wage Damages ("MW"), per week* that a plaintiff is entitled to.

 e. The amount of *Overtime Damages ("OT"), per week* the plaintiffs are entitled to.

  i. Under 29 C.F.R § 776.5, the required minimum wages and overtime are not dependent on the method of compensation of employees. That

       is, regardless of whether an employee is paid on piecework, hourly, commission, or other basis, the employee must be paid the equivalent of the required minimum wage rate and overtime rate for hours worked.  Unpaid wages for each period are calculated as the difference between the lawfully required pay per week and the employee's actual pay per week, times the number of weeks in each time period.

  ii. Lawful pay per week is the greater of the actual regular rate or the statutory minimum wage rate times hours worked per week up to 40 hours per week, plus the greater of the actual overtime rate or the lawful overtime rate times hours worked per week in excess of 40 hours per week.  The actual regular rate is the actual weekly pay divided by the total hours worked per week.  The actual overtime rate is 1.5 times the actual regular rate.  29 C.F.R. § 778.109; §113(a).

  iii. To determine the overtime pay the Plaintiffs are entitled to during the relevant periods, the regular rate is multiplied by 1.5, then multiplied by the number of hours over 40 each plaintiff worked in each workweek.

f. *The sum of Weekly Damages* which incorporates minimum and overtime damages of the week, and spread of hours pay if applicable.

g. *The Damages in the period* – the weekly damage multiplied by the number of weeks in the period;

h. *FLSA Liquidated Damages*—computed at 100% of the unpaid wages;

i. *NYLL Liquidated Damages*—upon the enforcement of the New York wage Theft Protection Act on April 9, 2011, liquidated damages on unpaid wages are computed at 100% (double the damages) NYLL§663(1).

j. *NY Paystub Violation* – Defendants failed provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime pay every year. Plaintiffs are entitled to recover from Defendants, jointly and severally, one hundred dollars a week for each week of the violation together not to exceed a total of twenty-five hundred dollars with costs and attorney fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

k. *NY Wage Notice Violation* - Plaintiffs are also entitled to recover from Defendants, jointly and severally, fifty dollars a week for each week of the violation together not to exceed a total of twenty-five hundred dollars with costs and attorneys' fees pursuant to New York Labor Law. 19 N.Y. Lab. Law §198(1-d).

l. *NYLL Prejudgment Interest* - equivalent to the product of 9%, the total NYLL damages, and the number of years Plaintiffs worked;

m. *Cost and fees*—The Plaintiffs are also entitled to recover costs and reasonable attorney's fees. (Mov. Mem. Point II.)

     i. The firm's time records regarding work done and expenses incurred on this particular case are attached as "Exhibit 3."

  18. Plaintiffs' Affidavits, detailing their schedules and rates of pay are attached as Exhibits 5 and 6.

  19. Based on the above information and exhibits, Plaintiffs assert the record supports a judgment against the Defendants in the amount of $215,133.07 ($61,736.42 for Plaintiff, Lin Wai Mao a/k/a Daisy Mao and $153,396.65 for Plaintiff, Chin Chiu a/k/a Wendy Chiu) for wage and hour damages, liquidated damages, paystub and wage notice violations, and prejudgment interest, and $28,519.18 in attorney's fees and costs to the date of this affirmation.  Prejudgment interest continues to run and should ultimately be computed through the date judgment is entered.

  20. As shown in Plaintiffs' memorandum of law, no inquest is necessary when, as in the present case, the Court has before it the proper measure of damages and evidence submitted by the Plaintiffs that allows damages to be calculated with reasonable certainty.  The computation of damages in accordance with the methods described above is set forth in the accompanying spreadsheets.

  21. No part of the judgment sought has been paid.

  22. Sufficient definitive information and documentation is provided such that the amount provided for in the proposed judgment can be calculated, based upon allegations contained in the Complaint, and supplemented by the Plaintiffs' declarations accompanying these motion papers.

23. Plaintiffs also request interest on the principal amount of the judgment at the federal post-judgment interest rate, pursuant to 28 U.S.C. § 1961.

24. Plaintiffs also request that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal, and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

25. The calculations made in arriving at the proposed judgment amount are set forth in both the explanation above and in the damage charts themselves.

26. For the reasons stated above and in the accompanying affidavits and exhibits, Plaintiffs' motion for default judgment should be granted.

27. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated: May 19, 2016
      Flushing, NY

/s/ John Troy
John Troy (JT 0481)
TROY LAW, PLLC
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342