John Troy (JT 0481)
TROY LAW, PLLC
41-25 Kissena Boulevard, Suite 119
Flusing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342

*Attorney for the Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
LIN WAI MAO a/k/a DAISY MAO and
CHIN CHIU a/k/a WENDY CHIU,
*on behalf of themselves and others similarly situated*,                    Case No. 15-cv-6252

                                        Plaintiffs,

    -against-


SANDS BETHWORKS GAMING LLC.
       d/b/a SANDS BETHLEHEM,
SANDS BETHWORKS RETAIL LLC.
       d/b/a SANDS BETHLEHEM,
LUCKY 9 ENTERPRISE, INC.,
JOHN DOE 001-100 CORPORATIONS,
JASON CHEN, and DAVID WONG,

                                        Defendants.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR DEFAULT JUDGEMENT**

## Table of Contents

Table of Authorities ……………………………………………………………………………ii

Preliminary Statement……………………………………………………………………….....01

    I.    Plaintiffs are entitled to Judgment By Default ………….…………..………….02

    II.    Plaintiffs are entitled to Back Pay; Liquidated Damages; a Three Year Limitations Period Under the FLSA; Prejudgment Interest, And Costs And Attorney's Fees…...03

        A.  Back Pay……………………………………………………………………………04

        B.  Three-Year Limitations Period under the FLSA………………………………...05

        C.  Liquidated Damages under the FLSA and NYLL……………………………….06

        D.  Prejudgment Interest……………………………………………………………..07

        E.  NY Paystub………………………………………………………………………08

        F.  Wage Notice……………………………………………………………………...08

        G.  Cost and Attorney's Fees………………………………………………………...09

    III.    Conclusion………………………………………………………………………..09

## **Table of Authorities**

**CASES**                                                                                **Page(s)**

*Carter v. Frito-Lay, Inc.*,
    74 AD2d 550 (1st Dept 1980)……………………………………………………..…………08

*Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*,
    699 F.3d 230 (2d Cir. 2012) ........................................................................................03

*Chandler v. Bombardier Capital, Inc.*,
    44 F.3d 80 (2d Cir. 1994) ………………………………………………………………08

*D.H. Blair & Co., Inc. v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006)…......................................................................................02

*Decraene v. Neuhaus (U.S.A.), Inc.*,
    2005 U.S. Dist. LEXIS 10836 (S.D.N.Y. 2005) ……………..…………….……………06

*Fermin v. Las Delicias Peruanas Rest., Inc.*,
    2015 U.S.Dist. LEXIS 34457 (E.D.N.Y. 2015) ……………………………….……...05

*Gierlinger v. Gleason*,
    160 F.3d 858 (2d Cir. 1998) ………………………………………………………….08

*Godlewska v. Human Dev. Assoc., Inc.*,
    2006 U.S. Dist. LEXIS 30519 (E.D.N.Y. 2006) ……………….…………………...06

*Kuebel v. Black & Decker Inc.*
    643 F.3d 352 (2d Cir. 2011) …………………………………………………………07

*McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*,
    176 Misc. 2d 325 (N.Y. County 1997) ………………………………………………08

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988)………………………………………………………………….05

*McLean v. Garage Mgmt Corp.*,
    2012 U.S. Dist. LEXIS 55425 (S.D.N.Y. 2012) ……………………………………...07

*Merino v. Beverage Plus Am. Corp.*,
    2012 U.S. Dist. LEXIS 140679 (S.D.N.Y. 2012)…………...………………………..07

*Reilly v. Natwest Mkts. Group*,
    181 F.3d 253 (2d Cir. 1999) …………………………………………………………08

*Tamarin v. Adam Caterers, Inc.*,
   13 F.3d 51, 54 (2d Cir. 1993)..........................................................................................04

*Zeng Liu v. Jen Chu Fashion Corp.*,
   2004 U.S. Dist. LEXIS 35, 2004 WL 33412 (S.D.N.Y. 2004)………...…………….………04

**STATUTES**

29 U.S.C. § 206………………………………………………………………………………..04

29 U.S.C. § 207………………………………………………………………………………..04

29 U.S.C. § 216……………………………………....………………………………….……passim

29 U.S.C. § 255………………………………………………………………………………..05

29 U.S.C. § 260 ………………………………………………………………………………..06

NEW YORK LABOR LAW §195 ………………………………………………………….......08, 09

NEW YORK LABOR LAW §198 ……………………………………………………………………06

NEW YORK LABOR LAW § 650………………………………………………………….………..01

NEW YORK LABOR LAW § 663 ……………………………………………………….…..passim

**RULES AND REGULATIONS**

FED. R. CIV. P. 55………………………………………………………………………………01

NEW YORK CIVIL PRACTICE LAW AND RULES §5001 ...……………………………………...08

NEW YORK CIVIL PRACTICE LAW AND RULES §5004 ...…………………………………...08

NEW YORK CODES, RULES AND REGULATIONS § 142 ………...…………………...………..04

NEW YORK CODES, RULES AND REGULATIONS § 146…………...……………………...……passim

Plaintiffs through their counsel, John Troy of Troy Law, PLLC, submit this memorandum of law in support of their application for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b) against Defendants Lucky 9 Enterprises, Inc. (hereinafter "Lucky 9"), David Wong and Jason Chen.

## Preliminary Statement

Plaintiffs filed a Collection Action & Class Action Complaint in the Southern District Court of New York on August 10, 2015.  Exhibit 1.  The complaint asserts claims against Defendants for unpaid overtime, minimum wages, and spread of hours damages, liquidated damages, and attorney's fees under the federal Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*. and the New York Minimum Wage Act and regulations NYLL §§ 650 *et seq*. and 12 NYCRR § 146.

A copy of the summons and complaint was served on Defendant, Lucky 9, on October 21, 2015, with proof of service being filed on November 12, 2015.  A copy of the summons and complaint was served on Defendants, Jason Chen and David Wong on December 19, 2015, with proof of service filed on December 23, 2015.  Defendants, Lucky 9, Jason Chen, and David Wong, failed to answer the complaint or otherwise appear and the Court and the Clerk issued a Certificate of Default on May 16, 2016.  Exhibit 2.

Defendants, Jason Chen and David Wong, own, operate, and control Lucky 9 located at 223 Madison Street, 3A, New York, NY 10002.  Defendant, Jason Chen, at all relevant times, exercised control of Lucky 9 and its day-to-day operations, including the including power to hire and fire Plaintiffs, set wages, set terms and conditions of employment, as well as the authority to maintain employment records for Plaintiffs.  Compl. ¶ 20.  Defendant, David Wong, at all relevant times, exercised control of Lucky 9 and its day-to-day operations, including the

including power to hire and fire Plaintiffs, set wages, set terms and conditions of employment, as well as the authority to maintain employment records for Plaintiffs.  Compl. ¶ 21.  Defendants, Jason Chen and David Wong, are among the ten largest shareholders of Lucky 9 and in this role are liable for all debts, wages and/or salaries due to Plaintiffs.  Compl. ¶ 23.  At all times relevant to this action, Defendants were engaged in interstate commerce with sales in excess of $500,000 each year. Compl. ¶¶ 90-91.

Defendants regularly required the Plaintiffs to work in excess of 40 hours per week without paying Plaintiffs the proper regular rate of pay and overtime wages.  Chiu Aff. ¶¶ 5, 9; Mao Aff. ¶¶ 5, 11; Am. Comp. ¶¶ 51, 63, 100.

Defendants failed to post notices required by the NYLL informing Plaintiffs of the requirements of the employment law, or provided information about employment laws' requirements in other forms.  Compl. ¶ 119.  Furthermore, Defendants failed to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime pay every year.  Compl. ¶ 120.

    **I.**    **PLAINTIFFS ARE ENTITLED TO JUDGMENT BY DEFAULT**

It is well settled that defendants who fail to file an answer or otherwise move with respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting part") (citation omitted).  Defendants, Lucky 9, Jason Chen and David Wong, have failed to file an Answer or otherwise move in respect to Plaintiffs' Complaint.  Thus, Plaintiffs' allegations are unchallenged, and consequently the Complaint and affidavits, attached hereto, are sufficient and appropriate for default judgment.

Plaintiffs were employed by the Defendants as tour guides for Lucky 9. Plaintiff Lin Wai Mao a/k/a Daisy Mao (hereinafter "Mao) worked for Lucky 9 from on or about May 20, 2013 to October 19, 2014. Mao Aff. ¶ 4; Compl. ¶ 39. She worked twenty-four (24) hours per week from May 20, 2013 to October 20, 2013, forty-eight (48) hours per week from October 21, 2013 to November 17, 2013, fifty-six (56) hours per week from November 19, 2013 to January 20, 2014 and forty-eight (48) hours per week from January 21, 2014 to October 19, 2014. Mao Aff. ¶¶ 5-9; Compl. ¶¶ 45-48. Mao was paid thirty-five dollars ($35) per day. Mao Aff. ¶ 10; Compl. ¶ 49.

Plaintiff Chin Chiu a/k/a Wendy Chiu (hereinafter "Chiu") worked from on or about December 2012 to March 7, 2015. Chiu Aff. ¶ 4; Compl. ¶ 54. She worked ten (10) hour shifts each day for five (5) days a week. Chiu Aff. ¶¶ 6-7; Compl. ¶¶ 55, 60. Chiu was paid thirty-five dollars ($35) per day. Chiu Aff. ¶ 8; Compl. ¶ 61. Additionally, Chiu was not paid any wage from mid-November 2014 to March 7, 2015. Chiu Aff. ¶ 10, Compl. ¶ 75.

Plaintiffs' wages fell far short of the legally required minimum and overtime pay. Plaintiffs therefore are entitled to judgment by default for: 1) unpaid wages; 2) liquidated damages; 3) pre-judgment interest, and cost and attorney's fees, as provided by the FLSA and the minimum wage laws and regulations of New York.

## II.     PLAINTIFFS ARE ENTITLED TO BACK PAY, LIQUIDATED DAMAGES, THREE YEAR LIMITATIONS PERIOD UNDER THE FLSA, PREJUDGMENT INTEREST, AND COSTS AND ATTORNEY'S FEES

Upon entry of default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). ". . . Rule 55(b)(2) and relevant case law give district judges much discretion in determining

3

when it is 'necessary and proper' to hold an inquest on damages." *Id*. (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiffs submit that the declaration, affidavits and exhibits submitted with this motion obviate the need for a hearing on damages. Based on the evidence the Plaintiffs has offered, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $215,133.07 ($61,736.42 for Plaintiff, Lin Wai Mao a/k/a Daisy Mao and $153,396.65 for Plaintiff, Chin Chiu a/k/a Wendy Chiu) and attorney's fees and costs in the amount of $28,519.18.

### A. Back pay

Under the FLSA and New York Labor Law, employees must be paid at least the minimum wage rate for each hour worked, and be paid at least the one-and-one-half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207 (a)(1), U.S.C. § 206(a)(1), NYCRR § 146-1.2, 12 NYCRR § 142-2.2.

It is the responsibility of the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. Jan. 7, 2004).

> An employee has carried out his burden [of production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated[,] and if he produces sufficient evidence to show the amount and extent of that work by just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id*. (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), and other cases).

Plaintiffs allege that they were never paid at an hourly minimum wage rate. Moreover, they were never paid overtime at the rate of one-and-a-half times their regulate rate, or one-and-a-half times the minimum wage, which is higher.

Here Plaintiffs were paid a set amount per day. The hourly wage is determined by dividing the daily wage by the number of hours worked per day. The difference between the calculated hourly rate and the applicable minimum wage rate is the hourly minimum wage shortfall due to the Plaintiff. The product of the hourly minimum wage shortfall and the number of hours to which the Plaintiff is owed minimum wage (40 hours) is the weekly minimum wage shortfall due. *See* Attached Damage Calculation, Exhibit 4, for full mathematical breakdown.

The product of the minimum wage and overtime compensation shortfall is the calculated compensatory damages in period. Additionally, the Plaintiffs are entitled to NYLL liquidated damages of 100% for hours worked on April 9, 2011 until present day, FLSA liquidated damages of 100% and prejudgment interest under the NYLL, proposed at a 9% yearly rate.

### B. Three-year limitations period under the FLSA

Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two to three years. 29 U.S.C. § 255(a). 'Willfulness' under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Additionally, when the Plaintiffs allege that the violations complained of were willful, it is enough to trigger the three-year statute of limitations. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 2015 U.S.Dist. LEXIS 34457 (E.D.N.Y. Feb. 27, 2015) (stating that since plaintiffs alleged that defendants' failure to pay minimum wage was willful, the three-year statute of limitations applied).

5

In the present matter, Plaintiffs alleged that Defendants' actions were willful. Compl. ¶ 1. Defendants were aware, or should have been aware of the existence of the FLSA and its overtime requirements. However, the Defendants knew or disregarded the fact that their conduct was prohibited by the FLSA. Defendants willfully violated the FLSA and therefore Plaintiffs are entitled to a three-year limitation under the FLSA. *See, e.g.*, *Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836, at *23-24 (S.D.N.Y. June 3, 2005). Furthermore, under the New York Labor Law and Regulations, the limitations period is six years, regardless of willfulness. N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. *See Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519, at *12 (E.D.N.Y. May 18, 2006).

### C. Liquated damages under the FLSA and NYLL

Liquidated damages in the amount of 100% of the unpaid wages under the FLSA are mandatory. *See*, 29 U.S.C. § 216(b) ("any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

"The NYLL now provides for a liquidated damages award 'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" *Id.* (quoting NYLL §198(1-a)). The pre-amendment willfulness standard is the same as the FLSA's

willfulness standard. *Id.* ("the NYLL willfulness' standard under the pre-amendment provision 'does not appreciably differ from the FLSA's willfulness standard'") (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011)). The post-amendment good-faith standard is the same as the FLSA's good-faith standard for liquidated damages.

Given the uncontroverted evidence of Defendants' willfulness and lack of good faith, the Plaintiffs are entitled to liquidated damages under the New York Labor Law. The New York Labor Law was amended effective April 9, 2011, increasing the recoverable amount of liquidated damages for unpaid wages to 100 percent; thus liquidated damages under the New York Labor Law are computed at 100% of the unpaid wages. NYLL § 663(1).

Plaintiffs may recover both FLSA and NYLL liquidated damages for overlapping periods of time. *See, e.g.*, *Merino v. Beverage Plus Am. Corp.*, 2012 U.S. Dist. LEXIS 140679, at *7-*8 (S.D.N.Y. Sept. 25, 2012) ("most courts in this Circuit hold that a plaintiff may recover both forms of liquidated damages because the FLSA's damages are meant to be compensatory, while the state damages are meant to be punitive;" following majority of courts and awarding recovery of liquidated damages under both FLSA and NYLL); *McLean v. Garage Mgmt Corp.*, 2012 U.S. Dist. LEXIS 55425, at *25-26 (S.D.N.Y. April 19, 2012) ("FLSA liquidated damages and NYLL liquidated damages serve fundamentally different purposes, and the plaintiffs are entitled to both FLSA and NYLL liquidated damages for unpaid wage"). Therefore, Plaintiffs are entitled to 100% liquidated damages pursuant to the FLSA as well as 100% liquidated damages post-amendment NYLL.

### D. Prejudgment Interest

Plaintiffs also seek an award of prejudgment interest on the New York law claims for unpaid minimum wages and overtime wages. Under New York law, the court may award

prejudgment interest pursuant to N.Y. C.P.L.R. § 5001 on an award of back pay.  See *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997).  Under New York law, prejudgment interest compensates the plaintiff for the defendant's interest-free use of the plaintiff's money.  *See Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998); *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994); *Reilly v. Natwest Mkts. Group,* 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000).  In addition, under New York law, prejudgment interest can be awarded in addition to liquidated damages.  This is because under New York law liquidated damages are considered a penalty, a sanction for willfully failing to pay wages. *Carter v. Frito-Lay, Inc.*, 425 N.Y.S. 2d 115, 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981).  Under N.Y. C.P.L.R. § 5004, Plaintiffs are entitled to a prejudgment interest rate of nine percent per annum simple interest.

### E.  New York Paystub Violation

The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL§195-1(d) Defendants failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $2,500 per plaintiff.

### F.  New York Time of Hire Wage Notice Violation

The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a). 144. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $2,500 per plaintiff.

### G. Costs and attorney's fees

FLSA and NYLL both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("the court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

### **CONCLUSION**

For the reasons stated above and in the accompanying affirmation, affidavit, and exhibits, the Plaintiffs' application for default judgment should be granted in its entirety. The Plaintiffs should be awarded judgment against Defendants Lucky 9, Jason Chen and David Wong, jointly and severally, in the amount of $215,133.07 ($61,736.42 for Plaintiff, Lin Wai Mao a/k/a Daisy Mao and $153,396.65 for Plaintiff, Chin Chiu a/k/a Wendy Chiu) plus attorneys' fees and costs in the amount of $28,519.18.

Dated: Flushing, NY
       May 19, 2016                                                       TROY LAW, PLLC
                                                                       *Attorney for Plaintiffs*

____/s/_____
John Troy (JT0481)
41-25 Kissena Blvd, Suite 119
Flushing, New York 11355
Phone: (718) 762-1324
Fax: (718) 762 1342
Email: johntroy@troypllc.com
